## Louisville Railway Company v. Larberg.

(Decided March 17, 1914.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch No. 2).

1. Street Railroads—Regulation and Operation—Injuries to Passenger.—When a passenger is alighting from a street car if by reason of a movement of the car, or by reason of the closing of the safety gates upon her shoe heel the passenger is caused to be thrown to the ground, the carrier is answerable in damages.

2. Appeal—Review—Question of Fact—Verdict.—A verdict will not be set aside as excessive unless it is so grossly disproportionate as to the measure of damages or so palpably against the evidence as to shock the conscience and raise an irresistible inference that it was influenced by passion or prejudice.

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE for appellant.

O'DOHERTY & YONTS for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Mrs. Carrie Larberg sued the Louisville Railway Company in the Jefferson Circuit Court, claiming that on Sunday afternoon, July 9, 1911, when she was attempting to alight from one of defendant's street cars at Seventeenth and Rowan streets in the City of Louisville, the car started and the safety gates of the car were caused to strike her, and that she was thereby thrown to the ground and seriously injured.

A trial of the action had on February 4, 1913, resulted in a verdict and judgment for plaintiff in the sum of two thousand five hundred dollars, and defendant company appeals.

1. It is first insisted by appellant company that "the verdict is contrary to the evidence and is not sustained by sufficient evidence."

Appellee testified that when the car stopped after she gave the signal that she wished to alight, she started to get off, with her baby in her arms, and as she stepped from the car she felt a slight motion or movement of the car, and as she stepped down the steps, the conductor closed the safety gates in such manner as to catch the heel of her slipper; that she felt the shock of the car's starting just as the gates closed upon her heel; that she was thrown to the ground, her heel jerking loose as she fell.

John Nall, a ten-year-old boy, testified that he saw the plaintiff when she was getting off the car; that the conductor shut the gates too quickly and caught plaintiff's heel, and she was thrown to the ground, and her baby thrown out of her arms.

It is true that a majority of the witnesses testified that there was no movement of the car; and a number of the witnesses testified that she had cleared the steps before she fell, but there was evidence that the car moved before she had alighted, and there was evidence that the gate was closed upon her heel while she was stepping from the car and caused her to fall, and this evidence was sufficient to take the case to the jury, and to support the verdict, especially as to the closing of the gates on plaintiff's foot.

2. Appellee offered in evidence the slipper she was wearing at the time of the injury. This shoe had a piece off of the heel, and had a scar or indentation on the back of the heel. The shoe had been worn but three or four times. Appellee testified that she was wearing this shoe at the time she was injured, and that "the gate pulled a piece off of my slipper and left the scar on the back of the heel, which you folks can see." There was no objection to the introduction of the slipper at the time it was admitted nor until after all the evidence was in. Then, the appellant moved the court to exclude "all evidence with regard to the shoe because it is not shown that it was in the condition they found it in after they got home." The evidence of appellee and her mother in substance is that the condition of the shoe immediately after appellee was taken to the home of her mother, when she was injured, was the same as when it was offered and introduced in evidence. Had an objec-

tion been interposed to the introduction of the shoe at the time it was offered in evidence, the court, no doubt would have required plaintiff to give some further explanation to meet the criticism offered, but no objection was made to its introduction and the court properly overruled appellant's motion to exclude this evidence, coming as late as it did.

3. Complaint is also made of the instruction. The court instructed the jury that if the car moved and caused appellee to be thrown to the ground and injured, or, if while she was alighting, the gates were closed upon her heel and she was thereby thrown to the ground and injured, they should find for the plaintiff. The instructions substantially stated the law of the case; at least we find nothing therein so prejudicial as to warrant a reversal of the judgment upon that ground.

4. Appellant company also contends that the damages awarded were excessive. Appellee suffered a fracture of the left leg between the ankle and the knee; was compelled to walk on crutches three and a half months, and her injuries resulted in the shortening of her leg about a quarter of an inch. The physician who was called to attend her when she was injured, stated that he found her in a condition of nervous shock, and that this acute nervous condition continued during eighteen days, and that she was still nervous at the time of the trial; that he placed the leg in plaster of paris, and kept it there four to six weeks; that the fracture was a severe one, the tendons and muscles surrounding the ankle joint being torn loose a good deal, and that the injury will interfere greatly with the perfect use of the ankle joint and of the leg; that she is required to wear a rubber stocking to give support to her ankle and that this condition is permanent, and will always give appellee more or less trouble, and that she will never be able to be without a rubber stocking.

The rule is that a verdict will not be set aside as excessive unless it is so grossly disproportionate as to the measure of damages, or so palpably against the evidence, as to shock the conscience and raise an irresistible inference that it was influenced by passion or prejudice. The verdict complained of does not come within this rule.

Judgment affirmed.