## Ridgeway-Darby Coal Co., Inc., v. Penley.

Oct. 5, 1943.

E. L. Morgan for appellant. .

Rose & Pope for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Leonard Penley, a coal miner, sued his employer, Ridgeway-Darby Coal Company, which had not accepted the provisions of the Workmen's Compensation Act; KRS 342.001 et seq., for personal injuries alleged to have been received by him in the defendant's mine. He sought to recover damages in the sum of $10,000. The defendant set up a counterclaim for $468.90 for merchandise furnished to the plaintiff from its commissary and for rent. On the trial the jury returned a verdict in favor of the plaintiff for $2,000, to be credited with the sum of $468.90. It is argued on this appeal that the trial court erred in submitting the case to the jury since there was no proof that appellee sustained an injury, and that, in any event, the verdict is excessive.

The evidence that appellee was struck on the head and shoulder by a heavy rock or block of "draw slate" which fell or shot out from over the rib in the entry where he was at work is uncontradicted. There was proof that the mountain was settling or "taking weight" because pillars of sufficient size to support the weight overhead had not been left in the mine, and, as a result, the rock in question was squeezed or forced out of its location in the wall of the entry. There was ample evidence to take the case to the jury, and the only debatable issue relates to the extent of appellee's injuries and the reasonableness of the verdict.

Appellee was an experienced miner and in good health at the time of the accident. He had never had any serious illness and had worked regularly. He testified that he was working in entry No. 3 about 2½ miles from the entrance to the mine, and was loading a coal car when a rock weighing from 500 to 700 pounds slipped

or fell from the wall of the entry striking him on the head. The entry was 7 feet high, and the rock fell from the wall near the top of the entry. He was knocked unconscious. His son, George Penley, who was loading coal about 50 feet away, heard his father cry, ''Oh, Lord,'' and ran to the scene of the accident. He found appellee lying on the ground at the side of the coal car and a rock 2½ to 3 feet long, 2 feet wide, and about 20 inches thick lying at his side. George Penley and another miner assisted appellee to the man car landing, and he was taken to the mine entrance and then home. He remained at home in bed three days and was treated by Dr. Hill. He was then taken to the hospital where he remained eighteen days. He returned to his home, but continued to suffer, and after ten days was again taken to the hospital where he remained several days. Appellee testified that he suffered severe pain and at the time of the trial, about eleven months after the accident, still suffered pain in his back, side and neck, and had been unable to perform any kind of labor since the accident. He walks with a limp and uses a cane. Two or three members of his family testified that a large lump appeared on his side after the accident and turned blue. There was proof that his hearing had been good but was defective after the accident. There also was proof that on the second day after the accident he spat up large clots of blood. Appellant introduced Dr. W. P. Cawood, who treated appellee while he was in the hospital. Dr. Cawood testified that appellee entered the hospital with acute fever and pain in his side, and was a very sick man. He diagnosed his trouble as pneumonia. On his second trip to the hospital appellee had a rheumatic condition. Though a history of the accident was given, the witness was unable to find any cuts, bruises or other evidences of an injury. He admitted that a traumatic injury may produce pneumonia. Dr. M. L. Gunn examined appellee in November, 1942, ten months after the accident, and found his hearing was impaired about 10 per cent. and he attributed this impairment to his age, which was 53 years. Dr. Hill, who treated appellee immediately after the accident, had entered the army and was not present at the trial.

Appellant stresses the fact that there were no cuts, bruises or other evidences of an injury on appellee's head. It appears that he was wearing a miner's cap which was made of fiber and was stiff, and this may have

cushioned the blow. The bruise on his side indicates that appellee may have been crushed against the coal car. The evidence that appellee was an able-bodied man in good health before the accident is not disputed, and there is no evidence tending to indicate that he is a malingerer. At the time of the trial he had been unable to work for eleven months, and, according to his testimony, still suffered considerable pain. We think there was ample proof to sustain the verdict. In this jurisdiction the rule is that "a verdict will not be set aside as excessive unless it is so grossly disproportionate as to the measure of damages, or so palpably against the evidence as to shock the conscience and raise an irresistible inference that it was influenced by passion or prejudice." Louisville R. Co. v. Larberg, 158 Ky. 44, 164 S. W. 346, 348. As said in Louisville Baseball Club v. Hill, 291 Ky. 333, 164 S. W. (2d) 398, 401: "There can be no fixed rule by which the measure of damages for pain and suffering can be ascertained with mathematical certainty and of necessity it must be left to the sound discretion of the jury, and unless the verdict is so out of proportion that it strikes the mind at first blush as having been rendered as a result of passion or prejudice rather than through the process of sound reasoning, an appellate court will not disturb it."

Judgment affirmed.