## Monroe v. Standard Sanitary Manufacturing Co.

(Decided January 12, 1911.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Actions for Personal Injuries—What Sufficient for Plaintiff to Allege—Injury Resulting From Negligence.—In actions for personal injuries, resulting from negligence, it is sufficient for the plaintiff to allege in general terms, that the injury complained of was occasioned by the carelessness and negligence of the defendant. It is not necessary to state the circumstances with which the infliction of the injury was accompanied, in order to show that it had been occasioned by negligence.

2. Same—Master and Servant—Rule Applies to all Classes of Cases. —The rule announced above where a recovery is sought for an injury resulting from a breach of duty, applies in all cases whether the parties stand in the relation of master and servant toward each other or not.

BRADLEY & CHILTON for appellant.

ALFRED SELLIGMAN and JOSEPH SELLIGMAN for appellee.

This is an appeal from a judgment of the Jefferson Circuit Court dismissing a petition.

In the petition the plaintiff sought to recover damages for injuries sustained by her seventeen year old son while in the employ of the defendant company. She alleged that her son was employed by said company as an oiler of machinery in its power house, and that while so engaged on the 6th of September, 1910, "through the gross carelessness and negligence of the defendant, its agents and servants superior in authority to him, the said Edward Monroe was thrown and knocked with great force and violence to the floor of the power house, and struck by various missiles by the explosion and bursting of the machinery and parts thereof in said power house, thereby severely and permanently injuring his upper and lower limbs, his hips and thighs, back, sides, chest, stomach, spine, and head and ears and seriously affecting his hearing and injuring him internally and severely shocking his nervous system, and by reason of all of which the plaintiff has been deprived of her son's services of the value of $1,999," for which she prayed, etc. A demurrer was sustained to this petition with leave. The plaintiff declined to plead further, the petition was dismissed, and she appeals.

Does this petition state a good cause of action? In the case of Chiles v. Drake, 59 Ky. 146, where the plaintiff sought to recover damages for the wilful and negligent killing of her husband, this court held that, "in actions for personal injuries, resulting from negligence, it has always been regarded as sufficient for the plaintiff to allege, in general terms, that the injury complained of was occasioned by the carelessness and negligence of the defendant. He has not been required to state the circumstances with which the infliction of the injury was accompanied, in order to show that it had been occasioned by negligence. An allegation of the extent of the injury, and of the manner in which it was inflicted, has been always regarded as sufficient." That case was decided in 1859. The same rule has been announced by this court in many cases decided since that time, and in the recent case of Gaines & Co. v. Johnson, 133 Ky. 507, decided in April, 1909, the principle announced in the case of Chiles v. Drake was restated and approved.

In harmony with these opinions is the text in Bliss on Code Pleading, Sec. 211, in which the author, in discussing the distinction between pleading fraud and negligence, announces the rule that "a general allegation of negligence is allowed; the negligence is the ultimate fact to be proved, and is not a legal conclusion." He then cites cases from the Supreme Courts of Iowa and Missouri and the Court of Appeals of New York, in each of which the charge of negligence was laid in general terms. The cases to which he refers are all against common carriers and the negligence proven was a breach of duty in failing to observe certain statutory requirements, that is, the cause of action in each was rested upon negligence growing out of the doing of the act resulting in the injury.

To the same effect is Newman, in his Pleading and Practice, Sec. 208-a, in which he broadly states the rule thus:

"In actions for personal injury resulting from negligence, it was and still is sufficient for the plaintiff to allege, in general terms, that the injury complained of was occasioned by the carelessness and negligence of the defendant, without stating the circumstances with which the infliction of the injury was accompanied, in order to show that it was ocasioned by negligence."

He cites in support of this text several cases of this court, beginning with that of Chiles v. Drake, 59 Ky. 146, and, in fact, the text itself is almost a copy of the language used in Chiles v. Drake. An examination of the authorities upon which this conclusion is rested discloses the fact that the injury in each particular case resulted from some negligent act in the operation of the business itself. In none of these cases was an effort made to recover for an injury resulting from other causes than negligence in doing the act resulting in the injury.

But it is insisted for the appellee that such a rule does not obtain in cases where the litigation is between master and servant; that in such cases the plaintiff must set out with particularity the acts of negligence upon which he relies to support or justify his recovery. We have carefully examined the authorities cited and relied upon by appellee to support this contention, but fail to find wherein the distinction claimed is drawn. Under a general allegation of negligence, where the extent of

the injury and the manner of its infliction are stated,
a party may prove any negligent act of the defendant,
or any of its agents or servants superior in authority
to the complainant, arising out of the doing of the act
resulting in the injury. But where negligence in other
respects than the doing of the act resulting in the in-
jury is relied upon, it must be pleaded. The law imposes
upon every one the duty to use reasonable care in the
conduct of his business to avoid injuring others. It
likewise imposes upon him other duties, such as the
duty to provide and maintain for his employees a rea-
sonably safe place in which to work, which, of course,
varies with the character and nature of the business; to
provide and keep in proper condition tools and appliances
reasonably well adapted and suited to the business for
which they are to be used; and to instruct his employees
in the dangers incident to their employment, and in the
use of the tools and appliances with which they are re-
quired to work where the business is hazardous or
dangerous, and this is especially true where the em-
ployees are young or inexperienced. Where injury
results from a breach of duty in any of these particulars,
liability may attach. Where a recovery is sought for a
breach of duty arising out of the doing of an act result-
ing in injury, a general allegation of negligence is suf-
ficient. But where a recovery is sought for a breach
of a particular duty, it is essential that the facts and
circumstances attending the breach should be pleaded,
for special or particular acts of negligence are not
covered by a general allegation of negligence; just as
the facts must be pleaded when special damages are
sought to be recovered.

These rules apply alike to all classes of cases where
a recovery is sought for an injury resulting from a
breach of duty, whether the parties litigant stand in the
relation of master and servant toward each other or
not. Thus, if one is injured at a railroad crossing,
under a general allegation of negligence he may show
any act of negligence on the part of those in charge of
the train relating to the management or operation of the
train, or the observance of, or failure to observe, the
statutory requirements as to signals, etc. But under
such an allegation he could not show that the injury
was due to a defective or imperfect condition of the
crossing, or that a frog was out of condition or im-

properly constructed, so that his foot was caught and held therein, causing him to be struck by the train and injured. If negligence in the latter particulars were relied upon, it would have to be pleaded specially.

Applying this rule to the case at bar, the plaintiff will be limited, in the introduction of his evidence, to such acts of negligence on the part of the defendant, its agents and servants superior in authority to the injured boy, as caused the explosion and his consequent injuries. But no evidence of any breach of duty on the part of the employer, not connected with the doing of the act resulting in the injury, may be introduced. If the breach of duty relied upon to support a recovery is a failure to provide a safe place wherein to work, or safe and suitable tools with which to work, or to properly instruct the employee, the employer should be advised in the pleadings of this fact. The primary purpose of a pleading is to advise the opposing litigant of the nature and extent of the claim asserted in order that he may respond to or avoid it if he can, thus creating the issue to be tried. When the issue is formed each party is required to confine his evidence to such points and facts as tend to establish his side of the controversy, and unless the issue is clearly defined it is impossible for the court to intelligently control and direct the introduction of the evidence. The observance of this rule can operate to work no hardship upon the plaintiff, for it must be presumed that he knows the ground upon which he relies to justify a recovery; and it is at the same time just and fair to the defendant, as he should be advised as to what particular charge he is required to meet. If it is a failure to discharge some duty growing out of the doing of the act resulting in his injury which the defendant owes to him, then it is sufficient that the allegation of negligence be set forth in general terms. But if it is the breach of some particular duty, not connected with the doing of the act resulting in his injury, then the plaintiff should be required to plead such breach specifically, and upon the trial the court will see that the evidence introduced is limited to such as tends to establish this point.

In our opinion the petition under consideration states a good cause of action, and the demurrer thereto should have been overruled. Judgment reversed and cause remanded for further proceedings consistent herewith.