## Chatterson v. City of Louisville.

(Decided November 23, 1911.)

### Appeal from Jefferson Circuit Court.
(Chancery Branch, First Division.)

Cities—Suit for Taxes—Limitation.—Under the act governing cities of the first class taxes may be sued on within five years after August 20 of the year for which they were levied, and this is true although the property may have been alienated after its assessment.

CHATTERSON & BLITZ for appellant.

JOSEPH S. LAWTON, CLAYTON B. BLAKEY for appellee.

Opinion of the Court by Chief Justice Hobson—Affirming.

The City of Louisville brought this suit against I. C. Chatterson, et al, to enforce its lien on certain real estate owned by them for taxes for the years 1904 and 1905. The suit was brought on August 10, 1910. The defendants pleaded limitation. The court sustained the plea as to the taxes of 1904, but gave judgment in favor of the city on the taxes for 1905. The defendant appeals.

By section 2515, Kentucky Statutes, "an action upon a liability created by statute, when no other time is fixed by the statute creating the liability," must be commenced within five years next after the cause of action accrued. Taxes are a liability created by a statute. The taxes for 1905, though levied as of September 1, 1904, were not distrainable until August 20, 1905. It was held in Louisville v. Johnson, 95 Ky., 254, that the city's cause of action on the taxes did not accrue until August 20. The present statutes are practically the same as those then before the court, and the legislature having re-enacted the statute, must be presumed to have re-enacted it in view of the court's construction of it. The suit having been brought on August 10th, or within five years after the cause of action accrued, was in time.

In addition to pleading the five year statute, the defendants pleaded in the second paragraph of their answer "that the title to the property described in the petition * * * * * * * was alienated from the persons named in the tax bills * * * * * * * more than five years before the institution of this action." Section 4021, Kentucky Statutes, is as follows:

"The Commonwealth, and each county, incorporated city, town or taxing district, shall have a lien on the property assessed for the taxes due them respectively (for five years) which shall not be defeated by gift, devise, sale, alienation, or any means whatever, unless the gift, devise, sale or alienation shall have been made for more than five years before the institution of proceedings to enforce the lien, and nothing shall be exempt from levy and sale for taxes and costs incident to the sale. When any lands or improvements shall not be assessed in any one year, it may be assessed retrospectively in the manner provided for by law, for that year, at any time not later than five years thereafter; but the lien thereby ac-

cruing shall not prejudice the rights of purchasers acquired in the meantime."

It is insisted that the second paragraph of the answer stated a good defense. It will be observed, however, that it is not averred in the answer that the alienation referred to was made after the property was assessed. The statute provides that the city shall have a lien on the property assessed for the taxes for five years which shall not be defeated by alienation or any means whatever. The lien of the city could not be defeated by an alienation had before the taxes were assessed. The word "defeat" being used in the statute shows that it refers to an alienation after the lien of the city had attached to the property; for if the lien had not attached it could not be said that it was defeated by the alienation. We are, therefore, of opinion that the statute only refers to a gift, devise, sale or alienation made after the lien of the city attached. The plea not showing that the alienation was made after the property was assessed, was bad. In addition to this we do not see that the defendants' construction of the statute can be sustained. They insist that the five years allowed by the statute is to be counted from the alienation and not from the time that the city's cause of action accrued. In other words, if the property was alienated three years before the taxes were levied, the city would have only two years in which to collect the tax, or if it was alienated in October, the city would have five years from that time and not five years from the 20th of August following. Upon this construction of the statute there would be no fixed time allowed the city to bring its suit for taxes, but the time would vary in each case with the date of the alienation and time would run against the city during a period when it had no cause of action. It is a cardinal principle in the construction of statutes of limitation, which has been recognized from the beginning, that the statute does not begin to run against the plaintiff until his cause of action accrues. This is expressly so provided in section 2515, Kentucky Statutes, which creates the limitation of five years. Section 4021 is to be read in connection with 2515, as the different sections of the revision are to be read together. It was not contemplated by section 4021 that the statute should run against the city before its cause of action accrued or that the city should have more than five years in any case after its cause of action accrued, as would be the case where the alienation was made after August

20th, if the five years is to be counted in all cases from the date of the alienation. The meaning of the statute is that the city is to have five years to collect its taxes after its cause of action accrues, when the property is regularly assessed.

Judgment affirmed.