## Paducah Railway Company v. Nave, Administrator.

### (Decided October 7, 1924.)

### Appeal from McCracken Circuit Court.

1. Street Railroads—One Riding on Running Board of Automobile may Assume Motorman will Perform Duties.—One riding on running board of crowded coupe with head in window, had right to assume that those in charge of street car colliding with automobile would perform duties required by law.

2. Street Railroads—Contributory Negligence of Person Riding on Running Board of Automobile Held for Jury.—Whether one riding on running board of automobile with head inside when automobile was struck by street car, was guilty of contributory negligence, held for jury.

3. Trial—Instruction as to Duty of Motorman to Lessen Speed of Car as it Approached Crossing Held Not Reversible Error.—Instruction that it was duty of motorman to lessen speed of car as it approached crossing, held, if error as rendering defendant liable for failure to lessen speed of car even though it may have been

moving at reasonable rate of speed, not prejudicial where jury was also required to believe that failure to lessen speed was proximate cause of accident.

4.  Appeal and Error—Part of Instruction Not Responsive to Issue Made by Pleadings Held Not Prejudicial.—In street car accident case, part of instruction concerning contributory negligence to effect that decedent was not responsible for negligence of driver of automobile in which he was riding, though not responsive to any issue made by pleadings, tended to avoid confusion in minds of jury and did not prejudice defendant.

5.  New Trial—Not Granted for Newly Discovered Evidence, Unless Different Result Reasonably Certain.—New trial will not be granted on ground of newly discovered evidence, unless it be of such decisive character as to render different result reasonably certain.

6.  New Trial—Court Held Not to have Erred in Denying New Trial for Newly Discovered Evidence Affecting Damages.—In action for death, held that court did not err in denying new trial for newly discovered evidence as to health and earnings of decedent, verdict being for only $5,000.00, and it not being probable that alleged newly discovered evidence would have changed verdict.

WHEELER & HUGHES for appellant.

REED & BURNS and C. C. GRASSHAM for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In this action against the Paducah Railway Company for the death of Howard Watwood, his administrator recovered a verdict and judgment for $5,000.00, and the company appeals.

On the night of the accident Watwood with two young men and three young ladies attended a dance in Pducah. Some time before eleven o'clock they left the dance for a ride in an automobile belonging to one of the young men. Just beyond the northern limits of Paducah the automobile broke down and they started to walk back to the city. They were overtaken by Henry Gockel, who was driving a one-seated Ford coupe, and he volunteered to drive them back. Two of the girls and one of the men got in the car with Gockel; the other man sat on the running board on the left-hand side. One of the girls got in the tonneau of the car, and Watwood sat on the running board on the right-hand side. At 11th and Madison streets, the machine was struck by a street car, and Watwood died of the injuries which he received in the collision. According to the witnesses for the plaintiff, the

street car was running twenty, or twenty-five miles an hour, the motorman was not at his post of duty, no signal of the approaching car was given, the coupe was dragged from fifty to seventy-five feet, and the street car ran over two hundred feet before it was stopped. The evidence for the railway company was to the effect that at the time of the accident the car was operating on one motor, and could not move over ten or twelve miles an hour. When the collision occurred, the glass vestibule of the street car was shattered and pieces of glass were thrown on the hands and face of the motorman, who jumped back from the control lever, and did not shut off the current, and the street car ran about ninety feet after the collision.

According to one of the girls, Watwood was standing on the running board holding her hand. Prior to the accident he had had his head in the door, but she didn't know whether he had it in there at the time of the accident or not. It is insisted that Watwood was guilty of the grossest negligence in crowding with others into such a small car, and in taking the position that he occupied at the time of the accident. If this were a suit for the negligence of the driver, there might be some merit in the contention, but as Watwood's injuries were caused by a collision with another agency, and he had the right to rely on the assumption that those in charge of that agency would perform the duties required by law, we are not prepared to say that he was guilty of contributory negligence as a matter of law, but rule that it was for the jury to consider the situation in the light of all the circumstances, and determine whether or not Watwood exercised ordinary care for his own safety.

By instruction No. 1, the court told the jury in substance that it was the duty of the motorman to lessen the speed of said car as it approached said crossing, to give notice of its approach, to have the street car under reasonable control, to keep a lookout for other persons and vehicles using the crossing, and to use ordinary care to avoid colliding with or injuring the persons using the street and crossing, and if they believed from the evidence that the motorman failed to do either of these things, and by reason of the failure on his part, and as the direct and proximate result of such failure, the street car was caused to be run against the automobile, and by reason thereof plaintiff's decedent was injured, and died therefrom, they should find for the plaintiff.

Complaint is made of the words "to lessen the speed of said car as it approached said crossing," the argument being that it made the company liable for the motorman's failure to lessen the speed of the car even though the car may have been moving at a reasonable rate of speed. Similar instructions have been approved in cases where, as here, the speed of the car was a fact in issue. Whitman's Admr. v. Louisville Railway Co., 134 Ky. 6, 119 S. W. 165; Louisville Railway Co. v. French, 24 Ky. L. Rep. 1278, 71 S. W. 486; Louisville Railway Co. v. Sheehan's Admx., 146 Ky. 168, 142 S. W. 221. It may be conceded that the criticism is not without merit, and that it is the better practice to tell the jury in this characer of cases that it was the duty of the motorman in approaching the crossing to have the car under reasonable control, to give warning of its approach, to keep a lookout for other persons and vehicles using the street and crossing, and to use ordinary care to avoid injuring persons using the street and crossing. Louisville Railway Co. v. Buckner's Admr., 113 S. W. 90; Louisville Railway Co. v. Vessel's Admx., 159 Ky. 664, — S. W. —. However, as the jury was required to believe not only that the motorman failed to lessen the speed of the car as it approached the crossing, but that such failure was the proximate result of decedent's injuries, it is hardly probable that the jury would have concluded that the decedent's injuries were the proximate result of the failure to lessen the speed of the car unless the car was moving at an unreasonable rate of speed. We therefore conclude that the use of the language in question was not an error requiring a reversal of the judgment.

After telling the jury that plaintiff could not recover if decedent was himself guilty of contributory negligence, the court added in substance that the decedent was not responlsible for the negligence of the driver of the automobile. It is insisted that this was error as the addition was not responsible to any issue made by the pleadings. This may be true, but as the addition conforms to the law, and was given for the evident purpose of avoiding any confusion in the minds of the jury, we are unable to see how the railway company could have been prejudiced by the action of the court.

Further complaint is made of the court's refusal to grant the company a new trial on the ground of newly discovered evidence. It was shown at the trial that the

decedent was in good health, and was earning $125.00 a month at the time of the accident. The newly discovered evidence was to the effect that the decedent was earning only $100.00 a month, was suffering from valvular heart trouble, and had applied to the federal government for aid on account of this infirmity. It is the invariable rule not to grant a new trial on the ground of newly discovered evidence unless the evidence be of such a decisive character as to render a different result reasonably certain. George v. Sohn's Admr., 191 Ky. 428, 230 S. W. 904. The verdict of $5,000.00 was a small one for the death of a young man only twenty-one years of age, and it is by no means probable that a different verdict would have been rendered if it had been shown that he was making $100.00 a month instead of $125.00 a month, and was also suffering from valvular heart trouble. We are therefore persuaded that the trial court did not abuse a sound discretion in refusing a new trial on the ground of newly discovered evidence.

Judgment affirmed.