Argued November 13, 1929; affirmed March 11; rehearing denied April 15, 1930

HOLMES *v.* GOBLE ET AL.

(285 P. 822)

*John S. Coke* of Portland (Griffith, Peck & Coke of Portland on the brief) for appellants.

*Arthur I. Moulton* of Portland (Lord & Moulton of Portland on the brief) for respondent.

BELT, J.   This is an action to recover damages to the estate of A. L. Wilkinson, deceased, alleged to have been sustained in an automobile accident.   From a judgment in favor of plaintiff for $5,000, the defendants appeal, asserting that the trial court erred in submitting the cause to the jury for the reasons, (1) that there was no evidence of defendants' negligence; (2) no evidence from which a reasonable conclusion could be drawn that decedent's estate had sustained any damages; and (3) that decedent was guilty of contributory negligence as a matter of law.

In view of the questions presented, the statement of the case will be made in the light of the evidence most favorable to plaintiff.

At time of injury, decedent was employed by the Kellogg Sales company which was engaged in the distribution of sample packages of food products in the city of Portland. The means of transportation was a Ford auto truck. The crew of workers consisted of a foreman and four other employees. The truck had a box bed, the sides of which were four feet high, in which were loaded the cartons containing the sample food products. There were no riding conveniences, aside from the driver's seat, and three of the employees, among whom was decedent, were obliged to ride on the running board. Livesley, the foreman, was the driver and one of the men occupied the seat with him. At time of collision one man stood on the right running board, another on the left, and decedent sat on a small box on the running board next to the left rear fender. The truck was traveling in an easterly direction on the right side of Glisan street. Defendants' 2½-ton Mack truck was going south on the right side of Eleventh street. As the Ford truck reached approximately the center of the intersection of Glisan and Eleventh streets, the Mack truck hit it broadside. As a result of this collision, decedent's leg was crushed between the bumper of defendants' truck and the body of the Ford truck. Complications arose from this injury which resulted in death. Prior to reaching the intersection the Ford was being driven at about 18 miles per hour. As it approached the point of collision, the speed of the truck was reduced to about 10 or 15 miles per hour. The Mack truck was traveling about 12 miles per hour. The accident occurred in the afternoon of April 27, 1926—a bright, sunny day. There was nothing to obstruct the view of either driver.

■ If the testimony of witnesses for plaintiff is true, it is certain that the Ford truck had the right of way

and the collision resulted from failure of the driver of the Mack truck to look out for and give the right of way to vehicles approaching from the right. Considering the rate of speed at which the trucks were traveling and the point of impact, it is reasonable to assume that they reached the street intersection at approximately the same time—in which event the Ford truck had the right to proceed. The instructions of the court were very definite and clear on this phase of the case. The court, referring to the statute relative to right of way at street intersections, very properly instructed: "A violation of those provisions of the state law is considered negligence per se, or negligence in and of itself."

■ Was the decedent, in thus riding on the running board, guilty of contributory negligence as a matter of law? We think not. His alleged negligence was a question of fact for the jury. Did he do that which an ordinarily prudent person, under the facts and circumstances, would not have done? It should be borne in mind that there was no seat available. He was obliged to do as he did do in carrying on this work. The suggestion of appellants that he might have walked does not appeal. We reserve the question whether he would have been guilty of negligence as a matter of law had there been a seat available inside the car. No case has been directed to our attention where, under a similar state of facts, the court has held such conduct to be negligence per se: *Schomaker v. Havey,* 291 Pa. 30 (139 Atl. 495, 61 A. L. R. 1241), more nearly supports the contention of appellants. In that jurisdiction it is held as a matter of law that it is contributory negligence to stand on the platform of railroad trains or on the running boards of street railway cars. This court has not gone to such an

extreme. In *Anderson v. City Railway Co.*, 42 Or. 505 (71 P. 659), it was held that a passenger is not guilty of contributory negligence in riding on the foot-board of an open street car where all the seats are occupied.

Appellants cite *Smith v. Ozark Water Mills Co.*, 215 Mo. App. 129 (238 S. W. 573). In that case the decedent stood on the running board of an automobile after having been invited to sit in the rear seat. Having voluntarily and unnecessarily assumed this position of danger, the court held, as a matter of law, that there could be no recovery on account of such contributory negligence.

In support of the conclusion that the alleged contributory negligence of the decedent was a question of fact for the jury, see *Paducah Ry. Co. v. Nave,* 204 Ky. 733 (265 S. W. 289) ; *Strong v. Olsen,* 74 Cal. App. 518 (241 P. 107) ; *Rose v. Cartier,* 45 R. I. 150 (120 Atl. 581). In *Salemme v. Mulloy,* 99 Conn. 474 (121 Atl. 870), the following instruction was approved:

"To ride on the running board of a moving automobile is necessarily attended with greater danger than to ride inside the body of the car, and when one chooses to do so he must exercise a greater degree of care and diligence than when riding inside the car as the greater the danger the greater the care that must be exercised."

Also see Huddy on Automobiles (6th Ed.) § 825.

We see no merit in the contention that there is no evidence to support the finding of the jury relative to the question of damages or the loss sustained to the decedent's estate.

The judgment of the lower court is affirmed.

Coshow, C. J., and Bean, J., concur.

Hamilton, A. A. J., took no part in this decision.