MARY A. DWYER *vs*. THE EDISON ELECTRIC ILLUMINATING COMPANY OF BOSTON.

Suffolk.    October 8, 1930. — November 25, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Negligence,* Of one owning or controlling real estate.   *Baseball.*

A corporation maintained, adjacent to a public way, a baseball park upon which it permitted teams composed of its employees to play after working hours. The surface of the field was below that of the way, along which was a fence ten feet three inches high on the park side. Home plate was two hundred feet from the way. A foul ball batted in a game on the field cleared the fence by a foot and struck and injured a traveller on the way. In an action by the traveller against the corporation the above facts appeared, and the judge ordered a verdict for the defendant and reported the action for determination by this court. *Held*, that

(1) The plaintiff had failed to sustain the burden of showing that the defendant should have anticipated and guarded against a ball going over the fence;

(2) In the circumstances the playing of the game on the defendant's premises could not be found to be a nuisance;

(3) The verdict properly was ordered.

TORT for personal injuries. Writ dated September 28, 1925.

In the Superior Court, the action was tried before *Brown*, J. Material evidence is stated in the opinion. At the close of the plaintiff's evidence, the judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. M. Spillane*, for the plaintiff.

*J. W. Coughlin*, for the defendant.

CROSBY, J. This is an action of tort to recover for personal injuries received by the plaintiff when she was struck by a baseball which came from premises of the defendant. At the time the plaintiff was injured she was riding on the front seat of an automobile travelling on Massachusetts Avenue, a public way in Boston. When she had reached a point opposite the defendant's lot, a foul ball coming from the lot into the street and through a window of the automobile struck her. At the close of the plaintiff's evidence a motion for a directed verdict was presented by the defendant and was allowed. The case is reported to this court with the stipulation that, if the allowance of the motion was error, judgment is to be entered for the plaintiff in the sum of $750; otherwise the verdict is to stand.

It is not disputed that the defendant's premises adjoin Massachusetts Avenue; that there is a baseball field located on the premises; that there was a fence eight feet three inches high on the sidewalk side and ten feet three inches high on the ball field side, the field being lower than the sidewalk, and that the fence had a concrete base three feet high from the sidewalk with concrete posts and iron spikes or pickets; that the fence and concrete base ran along the defendant's premises on Massachusetts Avenue. There was evidence that all the ball games were played after working hours; that then the defendant's employees were permitted to play on this ball field; that at the time the plaintiff was injured two baseball teams, composed of the employees of the defendant, were engaged in a ball game; that the home plate was directly opposite the right side of Massachusetts Avenue, and approximately two hundred feet therefrom. There was further evidence that the ball which struck the plaintiff was pitched to the batter who struck it, and it went over into the highway at a height of less than a foot above the fence. It is apparent from the location of the home plate that the ball field extended substantially parallel with Massachusetts Avenue, and that the ball which struck the plaintiff was a foul ball and was batted by an employee of the defendant.

The question to be decided is whether upon the evidence most favorable to the plaintiff the defendant can be held liable for the injuries which she sustained. At the time of the accident none of the players was engaged in the course of his employment. We assume, however, that if the defendant in the exercise of reasonable care and diligence should have foreseen that a traveller on the street would or might be struck by a ball coming over the fence the defendant would be chargeable with liability for injuries so received. The plaintiff's counsel earnestly argues that the facts presented a case for the jury as to whether the defendant should have protected travellers on the highway by changing the location of the diamond, or by erecting wire netting or other safeguards.

As the field was substantially parallel with the street it would seem that unless a foul ball was batted no traveller on the street would be likely to be struck by it. To prevent injury from such a ball, a fence over ten feet high was maintained which ordinarily would be sufficient to prevent a ball passing into the street — approximately two hundred feet from the home plate. It does not appear how long this ball field had been in use, nor was there any evidence to show that a ball had ever before gone over the fence into the street. We are of opinion that the plaintiff has failed to sustain the burden of showing that the defendant should have anticipated and guarded against a ball going over a fence over ten feet high when the home plate was located about two hundred feet from the street.

It was held in *Harrington* v. *Border City Manuf. Co.* 240 Mass. 170, that, where the defendant allowed its employees to play baseball on its premises, it was not liable to the plaintiff for injuries received when she was struck by a ball coming from the field while she was a traveller upon a highway, although the lot where the game was played was only twenty-five or thirty feet from the highway, and adjacent thereto. The case at bar is governed in principle by that case. We are unable to discover in

the report any evidence upon which the defendant can be held liable for negligence.

The cases of *Thompson* v. *Lowell, Lawrence & Haverhill Street Railway,* 170 Mass. 577, *Rockport* v. *Rockport Granite Co.* 177 Mass. 246, *Ainsworth* v. *Lakin,* 180 Mass. 397, and *Rylands* v. *Fletcher,* L. R. 3 H. L. 330, are not applicable in their facts to the present case. The playing of the game on the defendant's premises cannot be found to be a nuisance upon the facts presented on this record. In this connection see *Melker* v. *New York,* 190 N. Y. 481. The facts in *Wills* v. *Wisconsin-Minnesota Light & Power Co.* 187 Wis. 626, cited by the plaintiff, distinguish it from the case at bar. See *Hennessy* v. *Boston,* 265 Mass. 559.

In accordance with the terms of the report, judgment is to be entered on the verdict.

*So ordered.*