## Consolidated Coach Corporation v. Phillips.

(Decided January 13, 1931.)

824

R. W. KEENON, BEN V. SMITH & SON and TOM G. MOONEY for appellant.

SIMPSON PHELPS for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Russell Phillips recovered a judgment against the Consolidated Coach Corporation for personal injury, and it has prosecuted an appeal, complaining of several errors to its prejudice, which will be disposed of as the opinion proceeds.

It is argued that a demurrer to the petition should have been sustained. The basis of the argument is that the petition alleged negligence in general and specific terms, and, the specific allegations being insufficient to

state a cause of action, the general allegations do not avail. It is true that a general allegation of negligence is sufficient, but, if a plaintiff undertakes to set out the particular facts upon which he relies as constituting negligence, he is bound by his specifications. Howard v. C. & O. R. Co., 99 S. W. 950, 28 Ky. Law Rep. 891; L. & N. R. Co. v. Mitchell, 162 Ky. 253, 172 S. W. 527; Palmer v. Empire Coal Co., 162 Ky. 130, 172 S. W. 97; Manwaring v. Geisler, 196 Ky. 112, 244 S. W. 292; L. & N. R. Co. v. Horton, 187 Ky. 622, 219 S. W. 1084; I. C. R. Co. v. Cash, 221 Ky. 655, 299 S. W. 590. If the facts specified do not constitute a cause of action, the general allegations will not make the petition good. Sage v. Creech Coal Co., 194 Ky. 415, 240 S. W. 42. But the petition in this case is not subject to the criticism leveled against it. It charges in effect that the defendant's bus in charge of its servant was carelessly and negligently driven against the plaintiff, thereby injuring him. It is true the petition further alleged that the bus was being driven in a careless and negligent manner and at a speed of over thirty miles an hour when the plaintiff, while standing upon the fender of a parked automobile, was struck by it. But that is not an allegation of specific acts of negligence. It constitutes a charge of negligent operation of the bus, resulting in injury to the plaintiff. Chiles v. Drake, 2 Metc. 146, 74 Am. Dec. 406; W. A. Gaines & Co. v. Johnson, 133 Ky. 510, 105 S. W. 381, 32 Ky. Law Rep. 58; Monroe v. Standard San. Mfg. Co., 141 Ky. 550, 133 S. W. 214.

The next insistence is that a peremptory instruction should have been given for defendant based upon a claim that the proof did not sustain the averments of the petition. The testimony for the plaintiff tended to show that, while standing by the side of an automobile, the bus approached so closely that the plaintiff was compelled to get upon the running board, and, as he did so, the bus struck him, inflicting the injuries complained of in the action. There was testimony also that the bus was going rapidly and collided with the standing car by side-swiping it. The proof for plaintiff conduced to prove the allegations of his petition, and there is no room for the contention that the defendant was entitled to a peremptory instruction upon that ground. The plaintiff closed his case without proving ownership of the bus that struck

him, or that it was in charge of an authorized agent of the defendant. When the matter was discussed in arguing the motion for peremptory instruction, plaintiff offered to produce specific evidence upon the question, and his counsel avowed that he had overlooked it. The court permitted him to reopen the case and to call a witness by whom the ownership of the bus and the agency of the driver were proven. The court properly permitted the hiatus in the proof to be supplied. L. & N. R. R. Co. v. Jolly's Adm'rs, 232 Ky. 702, 23 S. W. (2d) 564.

It is further argued that the plaintiff was guilty of contributory negligence based upon the fact that he stood in the road or on the car until the bus came up and struck him. The plaintiff had a right to stand where he was, and he did nothing to bring about the injury. It was the duty of the driver of the bus to avoid coming in contact with persons on the highway. The plaintiff was not, as a matter of law, guilty of contributory neglect, under the circumstances, in not getting out of the way of the bus. Wilkerson v. Sanderson, 233 Ky. 493, 26 S. W. (2d) 1; C., N. & C. Ry. Co. v. Rairden, 231 Ky. 141, 21 S. W. (2d) 236; Paducah Ry. Co. v. Nave, 204 Ky. 733, 265 S. W. 289; R. B. Tyler Co. v. Kirby, 219 Ky. 389, 293 S. W. 155.

The jury awarded damages in the sum of $1,000, and appellant argues that the amount allowed is excessive. The proof concerning the injury is exceedingly vague and unsatisfactory, The plaintiff himself testified that he was struck in the side, went home, and did not see the doctor for some time thereafter, how long thereafter he could not state. He went to town that night and visited the office of the appellant. He testified that he told appellant's agent that he had been hit, but the agent said the only complaint was for injury to the automobile. On cross-examination the appellee said he went home and stayed until after dark and could not remember the reason that prompted him to go to town.

Oscar Phillips testified that after the bus struck appellee he complained that his side hurt him. Dr. Gibson testified that he put adhesive plaster on the side and readjusted it some two or three weeks later. He stated that when appellee came to him he was complaining of a pain in the side, and the doctor diagnosed the condition as a fractured rib. Nearly a year later the doctor was called to see him again. The patient was sick, vomiting,

and complaining of his side, but the doctor did not testify that this latter sickness resulted from the injury. On the other hand, the testimony for the defendant tended to show that there was no fracture of the rib. The evidence fails to disclose any serious consequences from the injury.

In order to sustain a verdict for a sum so substantial, it is necessary for the plaintiff to prove by satisfactory evidence the nature and extent of his injury and its progress and consequences. The testimony did not disclose that appellee had lost any time, and the whole showing respecting injury was vague, uncertain, and equivocal. Cf. C. & O. Ry. Co. v. McCullough, 230 Ky. 478, 19 S. W. (2d) 1076.

It is a matter susceptible of satisfactory proof. Moreover, there was no evidence of permanent injury, and, in the absence of such proof, it was improper for the court to give an instruction authorizing the jury to award compensation for permanent injury. Caines v. Wheeler, 207 Ky. 237, 268 S. W. 1098. There was an entire absence of evidence concerning the earning capacity of the plaintiff, or that he had lost anything, or had incurred any expense. Whilst it is the exclusive province of the jury to fix damages, and this court is reluctant to interfere with a verdict assessing compensation for personal injury, it is essential that the evidence show substantial injuries in order to sustain a substantial judgment. Elkhorn Seam Collieries Co., v. Craft, 207 Ky. 849, 270 S. W. 460; Southern R. R. Co. v. Owen, 156 Ky. 827, 162 S. W. 110; Goodman v. Thomas, 163 Ky. 813, 174 S. W. 736; L. & N. Ry. Co. v. Ashley, 169 Ky. 330, 183 S. W. 921, L. R. A. 1916E, 763. On the record as made, the verdict is obviously excessive, and it was error to incorporate in the instruction upon the measure of damages the right to compensation for permanent injury when none was proven.

Complaint is made that the verdict is palpably against the evidence, but the testimony of the plaintiff and that of his other witnesses indicated that he sustained some injury from being struck by the bus. The witnesses for the defendant were more numerous, but that situation does not render a verdict palpably against the evidence. The jury determines the credibility of the witnesses, and it may believe one and disbelieve others, or it may select a portion of the proof from either side

as the foundation of its verdict. L. & N. R. Co. v. Curtis, 233 Ky. 284, 25 S. W. (2d) 398.

The instructions, with the exception already noted, correctly submitted the issues on the facts developed, and it was not error to refuse those offered by the appellant. The jury was advised by the instructions of the correlative duties of the parties in the circumstances shown, as well as the consequences flowing from any breach of duty by either. The directions given conformed to the standards erected by the decisions of the court. Tri-State Refining Co. v. Skaggs, 223 Ky. 731, 4 S. W. (2d) 739; Berry v. Irwin, 220 Ky. 708, 295 S. W. 1020; Cumberland Bus Co. v. Helton, 227 Ky. 587, 13 S. W. (2d) 753.

The judgment is reversed for a new trial not inconsistent with this opinion.