61  375
69  461

### JOSEPH ULSHOWSKI v. THOMAS HILL.

A person is not legally responsible for an injury which results to another from a lawful act, done by him in a lawful manner, and without any carelessness or negligence on his part.

On rule to show cause. Case certified from the Hudson Circuit Court.

Argued at November Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices DEPUE, GUMMERE and LUDLOW.

For the plaintiff, *William H. Speer, Jr.*

For the defendant, *Corbin & Corbin.*

The opinion of the court was delivered by

GUMMERE, J. The defendant is the owner of a plot of land on Steuben street, in Jersey City, upon the rear of which

there stood a frame building. In the latter part of May, 1894, he began the removal of this building, tearing it down story by story. When the men who were engaged in the demolition of the building ceased work on the evening of the 28th of May, they had taken down the third and second stories, leaving nothing remaining except the first story and the cellar posts. This first story had the weather-boards and sheathing on, the cellar posts were intact, and the building was left in a perfectly safe condition.

Very early the next morning, and before the workmen had returned to their work, a large number of Poles, who resided in the neighborhood, came upon the defendant's property, broke into the partially-destroyed building and proceeded to tear off and carry away the weather-boards and sheathing and to cut out the joists.

The defendant, on his arrival at the premises, about half-past seven in the morning, found the building in such a condition, from these depredations, that he became seriously alarmed lest it should fall and injure those about it. He thereupon concluded to have it pulled down, and, after the rope was made fast, an attempt was made to pull the building over towards the front of the lot. Instead of falling in that direction, however, a portion of the building fell the opposite way, striking a large clothes-pole which stood upon the adjoining premises where the plaintiff lived, and broke it off near the ground. The plaintiff, who was a child only three or four years old, had been left by his mother lying upon a pile of boards, near this pole, and when it fell it struck and seriously injured him.

Most of these facts appear in the plaintiff's case; those of them which appear in the defendant's case are undisputed.

For the injuries thus received the plaintiff brought this suit, alleging that they were due to the negligence of the defendant in so pulling down his house as to cause it to fall against the pole. The jury found in his favor.

It seems to me that the facts above recited negative the idea that the defendant was in any way negligent in what

he did.   The *natural* result of pulling the building in the direction in which it was desired that it should fall, would have been to cause the building to fall in that direction ; and when the defendant gave orders that this should be done, he did what a prudent and careful man would ordinarily have done under similar circumstances.   He was not bound to anticipate that the laws of nature might be reversed, and that the building, by being pulled in one direction, would possibly fall in another.   That he had a right to pull down his building upon his own property, provided he did so in a careful manner, cannot be denied, nor can he be held responsible for injuries arising from such act.   Chief Justice Beasley, in discussing this principle in *Marshall* v. *Welwood*, 9 *Vroom* 339, on page 343 of the opinion, says : "No man is in law an insurer that the acts which he does, such acts being lawful and done with care, shall not injuriously affect others.   The common rule, quite institutional in its character, is that, in order to sustain an action for a tort, the damage complained of must have come from a wrongful act.   Mr. Addison, in his work on *Torts*, volume 1, page 3, very correctly states this rule.   He says : 'A man may, however, sustain grievous damage at the hands of another, and yet if it be the result of a lawful act done in a lawful manner, without any carelessness or negligence, there is no legal injury, and no tort giving rise to an action for damages.'   *   *   *   Everywhere, in all branches of the law, the general principle that blame must be imputable as a ground of responsibility for damage proceeding from a lawful act, is apparent."

It seems to me, therefore, that as there was nothing in this case upon which the jury could have found that the plaintiff's injury resulted from the want of care of the defendant or his agents, the court should have directed a verdict for the defendant.   This direction was refused although requested.

The Circuit Court is advised that the rule to show cause should be made absolute.