CASE 107—ACTION BY JENNIE M. A. TRAPP, A MINOR, AGAINST YOUNG & HUMPHREY FOR DAMAGES FOR PERSONAL INJURIES.—OCTOBER 20.

## Young & Humphrey v. Trapp.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION, NO. —THOMAS R. GORDON, JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL. AFFIRMED.

BUILDING CONTRACTORS—PERSONAL INJURIES—NEGLIGENCE—DEFENSE—INDEPENDENT CONTRACTORS—NUISANCE.

1. In an action against building contractors for personal injuries sustained by plaintiff, resulting from the negligence of some person working on the building allowing a brick to fall on plaintiff as she was passing in the street below, where it appeared that the person in charge of the brickwork had failed to erect

barricades to prevent such accidents, under circumstances consti-tuting such failure a nuisance, the defense that the person in charge of the brickwork was an independent contractor is unavail-ing.

2. The failure of persons erecting a brick building to safeguard, by barricades or other means, a street rendered unsafe by the danger of bricks falling from the wall of the building, is a nuisance.

O'NEAL & O'NEAL AND ISAAC C. WOODSON, ATTORNEYS FOR APPEL-LANTS.

### PROPOSITIONS OF LAW AND AUTHORITIES.

1. In a case where the evidence clearly shows that the injury complained of in the petition was the result of the negligence of an employe of an independent contractor in charge of the work, where the doing of the work would not necessarily result in a nuisance, the chief contractor who made the contract with the independent contractor is not liable for the negligence of the employes of the independent subcontractor; and a peremptory instruction in behalf of the chief contractor is authorized by law. If the question of liability of the chief contractor in such a case is submitted to a jury proper instructions should be given as to the liability of such chief contractor for the acts of his own servants or employes only, if any there was, and as to the non-liability of such chief contractor for the negligence of the subcontractor, his servants or employes, unless the doing of the work would necessarily result in a nuisance. Robinson v. Webb, 11 Bush, p. 477: Baumeister Brothers v. Markham, 19 Ky., Law Rep., 308, 101 Ky., 123; Matheny v. Wolff, 2 Duval, 139; Text. Am. & Eng. Ency. of Law, 2d Ed., vol 16, pp. 192 and 194; Pye v. Faxor, 156 Mass., 471; Engel v. Eureka Club, 32 N. E. Rep. N. Y. Court of Appeals, 1053; Conner v. Hennessey 112 Mass., 96, 97, 98; Brackett v. Lubke, 4 Allen (Mass.), 138; Mc-Cafferty v. S. D. & P. M. R. R. Co., 61 N. Y. Court of Appeals (16 Sickel), 181; Allen v. Ward, 57 Penn., 374; Robbins v. Chicago, 4 Wallace, U. S., 679; Kinkead's Commentaries on Tort (1903), vol. 1, p. 489.

2. It is error to refuse to instruct the jury in regard to a well established custom. Huston v. Peters, 1 Met., 562; Caldwell v. Dawson, 4 Met., 109.

PRYOR, SAPINSKY & CASTLEMAN AND THOS. WALSH, ATTOR-NEYS FOR APPELLEES.

1. Our contention in this case is that building a brick wall on the very edge of a pavement in a city, with brick and mortar fall-

Young & Humphrey v. Trapp.

ing therefrom must necessarily result in a nuisance, unless it be prevented by proper precautionary measures, and that not only the general or original contractor, but even the owner himself is bound to the exercise of such measures.

## AUTHORITIES CITED.

Baumeister v. Markham, 101 Ky., 122 (19 R., 308); Matheny v. Wolff, 2 Duvall, 137; Dillon's Mun. Corp., sec. 1032; Shearman & Redfield on Negligence, vol. 1 (5 Ed.), sec. 176; Bast v. Leonard, 15 Minn., 304.

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

The appellee, a child 10 years of age, recovered a judgment against appellants for the sum of $400 damages for personal injuries. The facts in the case are as follows: The Cumberland Telephone & Telegraph Company entered into a contract with appellants for the erection of a brick building on the corner of Breckinridge street and Baxter avenue, in Louisville, Ky. The appellants sublet the brickwork to one John Gray. While Gray was in the performance of his work, this child was passing along Baxter avenue by the building, and a brick fell from the second story upon her head, severly injuring her. There is no issue as to her injuries, or that the injury was caused by the negligence of the employes of Gray; nor is there any complaint as to the amount of the verdict. The sole contention of appellants is that they are not liable therefor, for the reason that Gray was an independent contractor; that he had the sole control and management of the brickwork of the building and the employment of hands to perform this work, and the sole control of them while in the performance of this labor; that it was the duty of Gray to erect and maintain barricades or other means to prevent persons from passing along the pavement by the side of this building, for their protection while persons were performing labor

on the building; and that the failure to perform this duty was the negligence of Gray, the independent contractor, and not the negligence of the appellants. The contention of appellants is the general doctrine, but does not apply to cases where the thing done or omitted to be done is of itself a nuisance, or will necessarily result in a nuisance, if proper precautionary measures are not used.

In the case of Matheny v. Wolff, 2 Duv., 138, in discussing the principle herein involved, the court said: "The liability of the proprietors has been universally recognized where the relation of master and servant or principal and agent existed; but where an independent contractor intervened there has been a contrariety of opinion. If the owner of real estate suffers a nuisance to be created or continued by another on or adjacent to his premises, in a prosecution of a business for his benefit, when he has the power to prevent or abate the nuisance, he is liable for an injury resulting to third persons. . . . Is a perpendicular excavation up to the very edge of the pavement and sidewalk of a street in a populous city, without placing sufficient safeguards or barricades to admonish passers-by after nightfall, a nuisance? Any act of an individual done to a highway, though performed on his own soil, if it detract from the safety of travelers, is a nuisance." And, after discussing the facts of the case, continued: "Proprietors have the legal right to excavate their lots for building purposes up to the very edge of the street, and perhaps to encroach on the street, and for this purpose have the right to use that part of the street for a reasonable time to the exclusion of the public. But this legal right must be exercised in a prudent, legal manner and in populous cities the public interest and individual safety imposes responsibilities from which such proprietors can not escape. Neither

can they, by private contract, shift this responsibility upon undertakers or others.  Hence the distinction that, when an act must necessarily result in a nuisance unless it be prevented by the proper precautionary measures, the proprietor is bound to the exercise of such measures, else he must answer in damages for injuries resulting to others from the neglect thereof.  No matter what may have been his contract with the undertaker, in such case his responsibility does not depend on the relation of master and servant nor principal and agent, but results from others doing, at his instance, that which must needs result in a nuisance, unless prevented by the appropriate precautions."  To the same effect is the case of Baumeister, etc., v. Markham, 101 Ky., 123, 19 R., 308, 39 S. W., 844, 41 S. W., 816, 72 Am. St. Rep., 397, and, also, Robinson v. Webb, 11 Bush, 477.

The only remaining question to be settled is whether the manner of erecting this building, considering its location to the pavement, was necessarily a nuisance.  If a nuisance, the appellants are liable, if not, the doctrine of the independent contractor applies.  In the case of Matheny v. Wolff, *supra* it is said: "Any act of an individual done to a highway, though performed on his own soil, if it detract from the safety of travelers, is a nuisance."  This case declared that an excavation contiguous to a pavement was a nuisance.  We are unable to perceive how it can be argued with any degree of consistency that to render a public highway unsafe by such an excavation without barricades to protect the public is a nuisance, while to render the same highway equally unsafe by permitting brick, mortar, and other debris to fall upon it from a wall immediately contiguous thereto, without safeguarding by barricades or other means, is not a nuisance.  Clearly it can make no differ-

ence whether the cause of appellee's injury came from below
or above. If one was a nuisance, the other must be.

Wherefore the judgment of the lower court is affirmed.

Petition for rehearing by appellant overruled.