# Lipscomb v. Cincinnati, N. & C. St. R. Co., et al.

(Decided June 12, 1931.)

BLAKELY & MURPHY for appellant.

GALVIN & TRACY for appellee Cincinnati, N. & C. St. Ry. Co.

ROBERT C. SIMMONS for appellee Billiter Const. Co.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

The Cincinnati, Newport & Covington Street Railway Company owns a lot fronting on Park place, a street in Covington. It employed the Billiter Construction Company to erect a building on the lot. While it was so constructing the building, the plaintiff, while walking on the sidewalk on Park place, was struck by a boy swinging on a rope out of a window in the building over the sidewalk, knocked down, and seriously and permanently injured. She brought this action to recover against the railway company and the construction company for her injuries $10,000. In her petition she made these averments after stating the above facts:

"Plaintiff says that on or about the ................ day of April 1928, the plaintiff, while walking westwardly on the north side of Park Place and

immediately in front of that part of said building which was under construction, the defendants, their agents, servants and employees, suffered and permitted boys to play in and about said building, permitting them to swing and play upon ropes hanging upon said building and more particularly in and out of windows of said building. Plaintiff says that said defendants had suffered and premitted these boys to play in and about said building in the manner described herein for a week or ten days prior to the injury hereinafter set out.

"Plaintiff says that on the _____ day of April 1928, at or about twenty minutes after six o'clock in the evening, the defendants, their agents, servants and employees, with gross and wanton negligence and carelessness, suffered and permitted a boy to swing upon said building and out of one of the windows therein, thereby striking this plaintiff, who was a pedestrian upon the sidewalk, precipitating her to the ground, over and against a pile of brick which was owned by the defendants herein."

The defendants demurred to the petition. The court sustained the demurrer. The plaintiff filed an amended petition in which she made these averments:

"On the_____day of April, 1928 the defendants were constructing a building at the northeast corner of Court Street and Park Place in the City of Covington, Kenton County, Kentucky; that the said defendants, their agents, servants and employees had habitually suffered, invited and permitted boys to play in and about said building and had particularly suffered, invited and permitted boys to swing and play upon ropes hanging in said building and in and out and through the windows on Park Place. Plaintiff states that said place and window and ropes were attractive to boys and they were easily accessible to them and said use by the said boys of said ropes and windows were dangerous to pedestrians on Court Street and said use was known by the defendants to be dangerous.

"Plaintiff says that on or about the _____ day of April she was walking on the north side of Park Place and immediately in front of that part of the building under construction and that while she was passing one of said windows the defendants, their

agents, servants and employees, with gross and wanton carelessness and negligence as above set out suffered and permitted boys to swing upon one of the ropes hanging in said building and out of one of the windows striking the plaintiff, throwing her to the ground and over against a pile of bricks on the sidewalk, owned and maintained by the defendants.''

The court sustained the defendants' demurrer to the petition as amended and, the plaintiff failing to plead further, dismissed the action. The plaintiff appeals.

The rule as to the sufficiency of the general allegation of negligence in such cases as this was thus stated in Gaines v. Johnson, 133 Ky. 507, 105 S. W. 381, 382, 32 Ky. Law Rep. 58:

"In Chiles v. Drake, 2 Metc. 146, 74 Am. Dec. 406, the court, speaking through Judge Simpson, said: 'In actions for personal injuries resulting through negligence, it has always been regardad as sufficient for plaintiff to allege in general terms that the injury complained of was occasioned by the carelessness and negligence of the defendant.' '' To same effect see Monroe v. Standard, etc., Co., 141 Ky. 549, 133 S. W. 214, and authorities cited.

The responsibility of the property owner for anything knowingly suffered on his property that endangers travel on the abutting street is well settled.

"Property is also held subject to certain duties, restraints, and liabilities, such as that each person must so use his property as not unnecessarily to injure another." 50 C. J. p. 780, sec. 54.

"Obstructions amounting to a nuisance may exist where there is no actual physical obstruction. Thus, anything which endangers the safety of persons lawfully passing over a highway, even though existing outside of the actual limits theerof, is a technical obstruction, and indictable as such— as the establishment of a manufactory for the manufacture of gunpowder, nitro-glycerine, or any other explosive substance near a highway, or the erection and maintenance of a magazine for storing any such compounds near a public highway or street; or the maintenance of a house in a ruinous condition, which is liable to fall down near a highway; the assemblage of a large crowd near a highway for the purpose of

shooting; to construct or keep anything by the side of a highway or street, the natural tendency of which is to frighten horses, or to erect any thing upon one's own premises that overhangs a highway or street so as to endanger the safety of those passing over the same.'' 1 Wood on Nuisances, p. 368, section 293. To same effect, see Young and Humphrey v. Trapp, 118 Ky. page 813, 82 S. W. 429, 26 Ky. Law Rep. 752; Mitchell v. Brady, 124 Ky. 411, 99 S. W. 266, 30 Ky. Law Rep. 258, 13 L. R. A. (N. S.) 751, 124 Am. St. Rep. 408; Bowman v. Williams, 231 Ky. 433, 21 S. W. (2d) 790; 2 Shearman & Redfield on Negligence, sec. 365; 29 C. J. p. 616, sec. 371; 44 C. J. p. 1006, sec. 3815; Fish v. Dodge, 4 Denio (N. Y.) 311, 47 Am. Dec. 254; State v. Yopp, 97 N. C. 477, 2 S. E. 458, 2 Am. St. Rep. 305; Waller v. Ross, 100 Minn. 7, 110 N. W. 252, 12 L. R. A. (N. S.) 721, 10 Ann. Cas. 715, 117 Am. St. Rep. 661 and notes; Feeney v. N. Y. Waist House, 105 Conn. 647, 136 A. 554, 50 A. L. R. 1539, and notes; Klepper v. Seymour House, 246 N. Y. 85, 158 N. E. 29, 62 A. L. R. 955.

As the allegation that the acts complained of were negligently done is sufficient, it remains to determine whether the facts stated constitute a cause of action. It is in brief alleged in the petition that the plaintiff had particularly and habitually suffered, invited, and permitted the boys to swing and play upon ropes hanging in the building in and out of the windows on Park place, for a week or ten days prior to the plaintiff's injury; that such use by the boys of the ropes and windows was dangerous to pedestrians on Court street and said use was known by the defendants to be dangerous. If the defendants had erected these ropes for the purpose of persons swinging on them through the windows and over the sidewalk of the street and had charged a rental for the use of swings, clearly they would be responsible for such a dangerous use of their property to persons passing on the sidewalk. They would be equally liable for this if they received no compensation for the use of the swings but habitually suffered and permitted such use to the danger of persons passing on the sidewalk, although they did not erect the swings for this purpose; for it was incumbent upon them not to permit any use of their property which was dangerous to persons passing on the sidewalk. In Harrington v. Border City Mfg. Co., 240

Mass. 170, 132 N. E. 721, 723, 18 A. L. R. 610, the defendants allowed games of baseball to be played on grounds adjoining the highway and the plaintiff was struck by a ball. The defendant was held not liable there on the proof for this reason, as stated by the court:

> "As it could not have been inferred that the defendant should have foreseen or anticipated that the plaintiff would or might be struck by a stray ball coming from the field, it follows that the defendant violated no duty which it owed to her."

That case went off on the proof and not on a demurrer to the petition. In Bruner v. Seelbach Hotel Co., 133 Ky. 41, 117 S. W. 373, 19 Ann. Cas. 217, the plaintiff while standing near the intersection of Fourth and Walnut streets in Louisville was struck by a beer bottle, thrown from the roof garden maintaiend by the hotel company on the top of the hotel. He sued to recover for his injury, charging negligence on the part of the company in suffering Grover Wolf, who threw the bottle, to remain on the premises in a drunken, boisterous condition. The case was tried on the merits; the jury found for the defendant. Bruner appealed, and on appeal the instructions to the jury, which required the defendant to exercise ordinary care for the safety of persons on the sidewalk, were approved.

The attractive nuisance doctrine is only for the protection of children of tender years. The boy here was not hurt so far as appears, and in addition to this it does not appear that the boy was under fourteen years of age, which is essential to make the doctrine applicable. L. & N. R. Co. v. Hutton, 220 Ky. 287, 295 S. W. 175, 53 A. L. R. 1328. It cannot be maintained that the negligence of the boy was the proximate cause of the plaintiff's injury and that therefore the defendant is not liable. The defendant was without right to allow any use of its property endangering the safety of people on the highway, and if it knowingly allowed other persons, without regard to age, to swing out of the windows of the building and across the sidewalk, this was a use of its ropes and its property which endangered the safety of persons on the highway. Such a case can not be distinguished from the cases above cited. The court only holds now that each of the defendants was liable if it knowing the danger knowingly permitted such use of its property, or

premises in its control, and as the proximate result thereof the injury to the plaintiff occurred.

Judgment reversed, and cause remanded with directions to overrule the demurrer to the petition.