## Wright & Taylor, Inc. v. Ochs.

January 23, 1948.

William H. Field, Judge.

Curtis & Curtis for appellant.

Joseph J. Hancock for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

We sustain the motion for an appeal from a judgment for $265 for damages to wearing apparel and a slight injury to the person, suffered in an unusual way.

Mrs. Jean Ochs, with her small child and a companion, was awaiting a bus at the southwest corner of Jefferson and Fourth Streets, in Louisville, one afternoon in May, 1946. They were at the north end of the Marion E. Taylor Building, which is owned by the appellant, Wright & Taylor, Inc. A bottle containing a dark brown substance and having an odor like alcohol crashed on the pavement near them and splattered her clothing. A bit of glass entered her hand which became infected and required the services of a doctor. The substance was so strong that it ate holes in her shoes and other clothing, destroying their use. Mrs. Ochs sued the owner of the building and recovered damages.

Miss Virginia Scott, a stenographer in the office of a firm of lawyers on the sixth floor of the building, testified that while taking dictation she looked up and saw a bottle on the window sill containing a dark liquid, and then saw it blown off by a gust of wind. The window was just above the place where the plaintiff was standing. It was a warm afternoon and the windows were open. The witness could not say when she first saw it or how long the bottle had been there. She did not usually work in that room, the library.

The suite of offices was being renovated including the re-varnishing of the wood work. Two painters, regularly employed by the owner of the building, had been removing old varnish with a varnish remover, brown in color, and having the odor of alcohol and strong potency. One of the painters testified that the work in the library had been completed, he "guessed," two or three weeks, but they were using the substance in other rooms. At another time in the course of his testimony he stated that they had been using the paint remover in the suite only "about four or five days" since "we did not have a whole lot to do in there." It was stipulated the other painter, who was absent, would give the same testimony. But Miss Scott testified "I think" the painters were in the library that day, "because they were there almost every day." The painter denied any knowledge of the bottle or its having been on the window sill. He testified the varnish remover came in gallon cans, was poured in metal buckets and applied with a brush. The painters never had any occasion to put any of the substance in a bottle. The stenographer, when recalled by the defendant, testified that the bottle bore the label "Old English Furniture Polish." She further testified, "I just vaguely remember seeing" the bottle in the wash room one time, but she did not know when that was. One of the other girls in the office had polished a desk in another room two or three months before this occurrence. The painter testified that it was not his duty to polish the furniture.

Every person in the use and management of his property, either in person or through agents, is bound to use reasonable care and diligence to guard against danger to the public arising from such use and management. Where some part of a building, such as a water pipe, a piece of cornice or a window screen, falls and injures a person on the street or sidewalk, there is prima facie negligence on the part of the owner. Mitchell v. Brady, 124 Ky. 411, 99 S. W. 266, 30 Ky. Law Rep. 258, 13 L. R. A., N. S., 721, 124 Am. St. Rep. 408. See Annotations, Liability for injury to person in street by fall of part of completed building, 7 A. L. R. 204, 138 A. L. R. 1078. The rule of res ipsa loquitur ordinarily applies. Annotations, Liability for injury to one in street by object falling from window, 29 A. L. R. 87, and 53

A. L. R. 462; also Annotation, Res ipsa loquitur as applicable to injury to person in street by fall of object in course of construction or repair of building, 146 A. L. R. 523. Cf. A. H. Bowman & Co. v. Williams, 231 Ky. 433, 21 S. W. 2d 790. Where some object is thrown from or out of a building by an employee, the law of master and servant applies and fixes liability. Young & Humphrey v. Trapp, 118 Ky. 813, 82 S. W. 429, 26 Ky. Law Rep. 752. If it was done by some person for whose acts the owner or proprietor was not responsible he cannot be held legally liable except upon the theory of negligent omission, as where the owner or proprietor knew or with reasonable care might have known of the danger and failed to take preventive measures. 25 Am. Jur., Highways, Sec. 538; Bruner v. Seelbach Hotel Company, 133 Ky. 41, 117 S. W. 373, 19 Ann. Cas. 217; Lipscomb v. Cincinnati, N. & C. Ry. Co., 239 Ky. 587, 39 S. W. 2d 991. See Annotation, Liability of innkeeper for injury by object thrown or falling from room occupied by guest, 42 A. L. R. 1088.

Obviously, there was evidence of negligence on the part of some person. The plaintiff's task was to prove that the owner of the building, the defendant, was responsible for the carelessness of that individual.

The court submitted the case under instructions predicated upon the conclusion of law that the plaintiff had been damaged through the negligence of someone: In clear and simple form they authorized the jury to find against the defendant upon either of two theories. One was that the jury should believe from the evidence that the bottle "was placed in the window by an agent or employee" of the defendant. The other was that the bottle was left there by someone else and that the danger to people on the sidewalk was known to the owner of the building or could have been known to it by the exercise of ordinary care. The instructions are apt and clear statements of the law. The question is whether either theory is supported by the evidence.

We find no merit in the appellant's argument that the instructions were not consistent with the pleading. The pleading is a broad and comprehensive charge of negligence in general. Such an allegation, with a traverse, raises all or any issue of negligence. Lipscomb

v. Cincinnati, N. & C. St. Ry. Co., supra. The cases relied upon by the appellant to the effect that only issues raised by the pleading should be submitted to jury have no application, for they have reference to the special charges.

If the object which fell on this occasion had been a tool or article of building material, or even a bucket containing paint or varnish remover, the plaintiff having shown that construction or repair work was going on in the building by an employee of the owner, perhaps the res ipsa loquitur rule would apply. 38 Am. Jur., Negligence, Sec. 306; Annotations, 146 A. L. R. 523.

In Carroll v. May Department Stores Company, 237 Mo. App. 981, 180 S. W. 2d 793, a metal ash tray fell from the eighth floor of a building and injured a pedestrian on the sidewalk. A lawyer in an office across the street saw the ash stand drop out of the window and almost simultaneously the closing of the window and lowering of the blinds. The defendant merchant established that "jitterbugs" (defined as High School youngsters) and other customers frequented its phonograph record listening rooms on that floor and watchful efforts to control their conduct had been required. The court observing that such an occurrence does not ordinarily happen if those in charge of the instrumentality causing the injury use due care, it held that as the ash tray was under the control of the store and it possessed superior knowledge or means of information as to the cause of the occurrence, the plaintiff was entitled to have her action submitted to the jury under the res ipsa loquitur doctrine. In the case at bar the room from which this bottle fell was under the management and control of the tenants of the office, and that fact, coupled with the character of the object, plus the evidence that a bottle had not been used by the workmen, we think compelled the plaintiff to go further in her proof. Nevertheless, it seems the rule of res ipsa loquitur applies in a limited degree in relation to the identity of the negligent individual. Our thought is not the application of the rule in its strictly technical sense but the broad, general dictum that the thing speaks for itself. The situation and the character of work being done in the suite of offices, the nature of the object which fell, including

the admission of use of what was undoubtedly the substance which injured the pedestrian, i. e., varnish remover, lightened the burden or lessened the quantum of proof necessary to be produced by the plaintiff to take the case to the jury, and perhaps to convince them of the defendant's liability for the negligent act of its servants. That circumstantial evidence was contradicted by the direct testimony of the painters, it is true. But the issue is not the existence or non-existence of negligence so as to bring into play the rule that if circumstances are as consistent with the absence of negligence as with its presence, there is a failure of proof. It is strictly a case of proving identity of the person whose carelessness was manifested as a matter of law. And, as we have just suggested, the situation as a whole is itself persuasive of probability. The painter was not a disinterested witness, for doubtless his job was at stake. It is noticed that he contradicted himself and the stenographer as to when he had been at work in the library. In short, a jury did not have to accept his exculpatory testimony as conclusive, but had the prerogative of rejecting it and accepting the circumstantial evidence to the contrary.

However, we do not think the evidence supports the theory that the defendant could be liable for an act of a stranger causing the damage to the plaintiff. There was no evidence that any agent of the owner had known or seen the bottle on the window sill or that it had remained there such length of time that under the circumstances the owner should have known of it in the exercise of ordinary care and diligence.

In Tobias v. Lewis, 182 App. Div. 598, 169 N. Y. S. 936, affirmed 230 N. Y. 571, 130 N. E. 898, occupants of a tenement house were accustomed to placing table leaves across openings in fire escapes at night during hot weather to sleep on. A table leaf fell and injured a person on the ground. Though the court found the evidence sufficient to charge the owners with knowledge of the practice, it held them not chargeable with the negligent act of their tenant. It further held that as the person guilty of the negligence was not identified as one of the owners of the building, or one for whose act they were answerable, there could be no recovery against them under the doctrine of res ipsa loquitur.

This case is in principle like one in which it is held that a city or abutting property owner or a merchant is not legally liable for a resulting injury upon the theory of constructive knowledge of the cause where there was no evidence that the dangerous object or substance had been in the place or the condition existed long enough for the defendant to have acquired knowledge through the observance of ordinary care and diligence. In the instant case the only evidence, either direct or circumstantial, to establish this theory, is that of the stenographer. She could only say that she saw the bottle on the window sill just before it was blown off. She was the employee of the tenants of the offices, so even her momentary notice was not attributable to the owner of the building. We conclude, therefore, that for lack of supporting evidence the case should not have been submitted under this theory. It is likely the jury found for the plaintiff under the first proposition; but that does not relieve the case of error in submitting it upon the second theory.

The judgment is reversed.