**Albert LOWE'S ADMINISTRATOR (Mack Lowe), Appellant,**

v.

**Harley McFARLAND et al., Appellees.**

Court of Appeals of Kentucky.

May 25, 1956.

Stoll, Keenon & Park, Charles Landrum, Jr., Lexington, Thomas R. Burns, Morehead, for appellant.

W. H. Counts, Olive Hill, Roger Byron, Owingsville, Sam F. Kibbey and Thos. D. Theobald, Jr., Grayson, for appellee.

STANLEY, Commissioner.

Albert Lowe lost his life in a collision between an automobile or small truck, in which he was a guest, and a heavily loaded truck. Lowe's administrator sued Henry Cox, in whose car Lowe was riding, Harley McFarland, the operator of the truck, and General Refractories Company for damages. The case against the company rests on the allegation that it had negligently caused the highway to become dangerous and unsafe by spilling fire clay upon the road, thereby creating a slippery condition, which caused Cox' car to skid into

1

McFarland's truck. The court directed a verdict for all the defendants, and the plaintiff appeals. However, the appellant concedes the propriety of the judgment for McFarland and Cox, although he makes them appellees.

The accident occurred on a curve on U. S. highway No. 60 just west of Olive Hill on December 22, 1953. The road was wet from rain. It is enough to say that the evidence was sufficient to show there was wet fire clay on the highway which had been spilled or dropped from vehicles hauling such material along the road, and the automobile skidded upon it into the oncoming truck. The question is whether the evidence was sufficient to prove the Refractories Company's trucks had spilled the clay at the point of the accident.

The company has a brick manufacturing plant on the south side of the highway and maintains a stockpile of clay on the north side, several hundred feet to the west. The material is hauled by truck from the stockpile to the plant. A state patrolman testified that at the time and place of the accident there was wet fire clay or mud of the same character on the road between these points, and that only such mud appeared elsewhere as had stuck to the tires of passing cars and had been carried beyond these points in each direction. But in extended and repeated interrogation he seems to have been uncertain as to the point of the accident. The evidence as a whole is not clear as to the point of accident in relation to the area between the defendant's plant and its several stockpiles, which its superintendent testified it maintained along the highway, but it appears to have been a few hundred feet west of the stockpile entrance about which the police officer testified.

For the decision we may assume that someone was legally responsible for having created a condition on the highway which was dangerous to travelers and that the accident was proximately caused thereby. See KRS 433.450; 25 Am.Jur., Highways, Secs. 484, 498.

Fire clay from the western part of Carter County and some from Rowan County had been hauled in trucks by the appellee to its stockpile or direct to its plant. But there are three or four other fire brick manufactories in the vicinity, and they also have hauled the same kind of material along the highway where the accident occurred. And, as we understand, individuals have done the same thing. Such material frequently spilled from the trucks. No witness testified to having seen the clay fall from the appellee's truck or undertook to say from whose vehicles the material had dropped. It is left to speculation as to whose trucks had spilled the clay which caused the car in which the decedent was riding to skid or who was responsible for its presence on the road. The court directed the verdict for the Refractories Company because of the speculative character of evidence of responsibility.

■ The burden was upon the plaintiff to prove that this defendant was responsible for the accident. That essential element is lacking. The evidence shows only that clay had been spilled on the highway by someone and it had made the road slippery.

■ The well established rule that evidence so unsatisfactory as to require resort to speculation or supposition is not sufficient to justify submission of a case to the jury applies with equal force to the identification of a party whose negligence caused the injury. Stacey v. Stoner, 260 Ky. 848, 86 S.W.2d 1006; cf. Wright & Taylor v. Ochs, 306 Ky. 396, 208 S.W.2d 52.

We concur in the decision of the trial court that the circumstances were not enough to impose liability upon the appellee.

Wherefore, the judgment is affirmed.