**Sara LAWHORN, Appellant,**

v.

**Gloria J. HOLLOWAY, a Minor, of the age of 17 years, and George Holloway, Appellees.**

Court of Appeals of Kentucky.

May 5, 1961.

R. Howard Smith, Newport, Leo A. Burke, Cincinnati, Ohio, for appellant.

Odis W. Bertelsman, Newport, for appellees.

PALMORE, Judge.

Appellant, Sara Lawhorn, was a passenger in the automobile of one Donald Stewart when it was struck by an automobile owned by the appellee George Holloway and driven by his 17-year old daughter, the appellee Gloria Holloway. Mrs. Lawhorn's suit against the two Holloways, father and daughter, for personal injuries sustained in the accident resulted in a verdict for the defendants.

This is one of those rare cases in which a plaintiff was entitled to a directed verdict and actually moved for one.

Mrs. Lawhorn was one of a party of four persons returning to Campbell County from a Sunday outing at Coney Island, on the Cincinnati side of the Ohio River.

They had left their car (owned and operated by Stewart) at a parking lot on Winters Lane a block or so south of its intersection with River Road, which runs east and west parallel with the river, and had made the trip across the river and back by ferry. Stewart went on ahead of his three companions, who were carrying picnic paraphernalia, and drove his car from the parking lot northwardly on Winters Lane to its intersection with River Road, at which point the others were waiting for him. He stopped the car on his right hand side of Winters Lane, and the three other friends loaded the picnic things into the car and got in. The appellant sat on the left hand side of the rear seat.

After Stewart and his passengers were all seated in the car and he was ready to drive onto River Road but had not yet put the car into motion, Gloria Holloway, proceeding westwardly on River Road, turned left into Winters Lane. Though she had ample room to pass the waiting car of Stewart, and there was no interference from other traffic, according to Gloria's own frank admission she lost control and was unable to bring her vehicle out of its leftward turn and its left front end struck the left side of the Stewart car at or just behind the rear door, next to the seat occupied by the appellant.

It is established without conflict that Gloria saw the Stewart car while she was waiting for oncoming traffic on River Road to clear before making her turn into Winters Lane; that Winters Lane is amply wide for two vehicles to meet and pass and her side was unobstructed; that as she attempted to bring her vehicle out of its leftward turn a knob on the steering wheel got caught between her fingers and caused her to lose control of the car; and that except for this mishap she would have been able to pass the Stewart car without striking it. There is no contention that Stewart's car was not entirely on its proper side of the road.

There was a conspicuous "no parking" sign along the east side of Winters Lane in the proximity of the point where the accident occurred. It was contended that Mrs. Lawhorn was contributorily negligent on the theory that Stewart's action in stopping there to pick up his passengers was a violation of law that she might have recognized through observation of the sign.

The case was submitted to the jury on the questions of negligence and contributory negligence.

■ There could hardly be a plainer case of negligence as a matter of law than was established on the testimony of Gloria Holloway herself. It is equally clear that if there was any negligence on the part of Stewart in violating the parking regulation, or on Mrs. Lawhorn's part in participating in that violation, it had no proximate causal connection with the accident. See Clardy v. Robinson, Ky.1955, 284 S.W.2d 651, 654; Greyhound Corp. v. White, Ky. 1959, 323 S.W.2d 578; Turpin v. Scrivner, 1944, 297 Ky. 365, 178 S.W.2d 971, 976; and Ross v. Jones, Ky.1958, 316 S.W.2d 845. Gloria's negligence was the sole proximate cause of the accident. Hence appellant was entitled to a peremptory instruction, leaving only the question of damages for the jury.

■■ The evidence of Mrs. Lawhorn's injuries was such that the jury might well have determined that she was not injured at all. Appellees suggest that since a verdict in their favor on that basis would have been sustainable, error in submitting the questions of negligence would not be prejudicial. The argument is not tenable. The instructions permitted the jury to find for the defendants on two erroneous theories, (a) that Gloria Holloway was not negligent and (b) that Mrs. Lawhorn was contributorily negligent. That the verdict of nonrecovery could have resulted from a proper finding does nothing to eliminate the distinct possibility that it could also have resulted from an improper finding invited by the erroneous instructions. The latter possibility makes the error prejudicial. Cf.

Wright & Taylor v. Ochs, 1948, 306 Ky. 396, 208 S.W.2d 52, 55.

Gloria's negligence is imputable to her father, the appellee George Holloway, under KRS 186.590 and under the family purpose doctrine, the facts in this respect being conceded and conclusive.

The judgment is reversed and the cause remanded for a new trial on the sole question of damages.